# In the
# United States Court of Appeals
## For the Eleventh Circuit

_____

No. 22-11222

_____

CAMBRIDGE CHRISTIAN SCHOOL, INC.,

                                                      Plaintiff-Appellant,

*versus*

FLORIDA HIGH SCHOOL ATHLETIC
ASSOCIATION, INC.,

                                                      Defendant-Appellee.

_____

Appeal from the United States District Court
for the Middle District of Florida
D.C. Docket No. 8:16-cv-02753-CEH-AAS

_____

Before GRANT, TJOFLAT, and ED CARNES, Circuit Judges.

BY THE COURT:

It appears from the FHSAA website that the final football classifications for the 2024–25 and 2025–26 school years do not include Cambridge Christian School as a member of the association, at least for purposes of football competition. *See Football Classifications Available for 2024–25 & 2025–26*, Florida High School Athletic Association (announced on Jan. 23, 2024, 4:30 PM), https://fhsaa.com/news/2024/1/23/football-classifications-available-for-2024-25-2025-26.aspx.

The parties are directed to file supplemental letter briefs addressing the following questions:

1. Is it true that Cambridge Christian School's high school football team will not compete in the FHSAA for the 2024–25 and 2025–26 school years? And if that is true, also answer the following questions.

2. How and when was that decision made and by which party?

3. If, in the future, Cambridge Christian School's football program seeks to return to football competition in the FHSAA, what is the procedure for its return? Would the FHSAA have the authority to deny Cambridge Christian School permission to return?

4. What effect, if any, does leaving the FHSAA's football competition have on Cambridge Christian School's standing to bring the claims in this lawsuit?

5. What effect, if any, does Cambridge Christian School's leaving the FHSAA's football competition have on the question of whether the request for declaratory relief is moot? On the question of whether the request for injunctive relief is moot? On the question of whether nominal damages could be awarded is moot?

Cambridge Christian School's letter brief is due ten days from the date of this order. FHSAA may respond, if it wishes to do so, ten days after Cambridge Christian School's letter brief is received by it. And Cambridge Christian School may file a reply letter brief seven days after FHSAA's letter brief is received by it. Neither primary letter brief may exceed fifteen double-spaced pages; if there is a reply letter brief, it may not exceed five double-spaced pages.