

JESSE PANUCCIO
jpanuccio@bsfllp.com

July 8, 2024

**VIA ECF**
David J. Smith
Clerk of Court
U.S. Court of Appeals for the Eleventh Circuit
56 Forsyth Street, N.W.
Atlanta, GA 30303

  Re: ***Cambridge Christian School, Inc. v. Florida High School Athletic Association, Inc.*, No. 22-11222 – Reply to FHSAA's Response (Appeal Doc. 90) to Order requiring supplemental briefing**

Dear Mr. Smith:

Appellant ("CCS") has always had standing to assert its nominal-damages claim for a completed constitutional injury, and that claim is unaffected by any subsequent developments. Accordingly, at a minimum, this Court should hold that FHSAA violated CCS's First Amendment rights in 2015, reverse the order on appeal, and direct entry of summary judgment in CCS's favor on its nominal-damages claim. CCS is also entitled to summary judgment on its equitable claims for reasons previously briefed, explained at oral argument, and discussed below.

**I. MOOTNESS**

  **A.** Regarding nominal damages, the only issue the June 11 Order directed the parties to brief is whether "Cambridge Christian School's leaving the FHSAA's football competition" has any effect on "the question of whether nominal damages

BOIES SCHILLER FLEXNER LLP

401 East Las Olas Boulevard, Suite 1200, Fort Lauderdale, FL 33301 | (t) 954 356 0011 | (f) 954 356 0022 | www.bsfllp.com

could be awarded is moot." FHSAA concedes (at 13) the answer to that question is "no." Rather than stopping there, FHSAA improperly re-briefs (at 13–15) its meritless argument that CCS "waived and forfeited" its nominal-damages claim.

In its summary-judgment motion—the disposition of which is at issue in this appeal—CCS moved for "summary judgment on all of its claims and … judgment consistent with the relief requested in the Amended Complaint. A-4271. In its Amended Complaint, CCS requested "[d]amages pursuant to 42 U.S.C. § 1983 for the FHSAA's violation of [CCS]'s First Amendment rights during the 2015 2A Championship Game." A-219. Nominal damages are a category of, and thus included within, a request for damages. *See Furman v. Warden*, 827 F. App'x 927, 935 (11th Cir. 2020) ("a plea for … general damages, includes nominal damages") (citing cases). FHSAA (at 13) is thus flat wrong that CCS "first raised the possibility of nominal damages on appeal."

FHSAA next argues (at 14) that CCS waived nominal damages by not disclosing a "computation" of such damages in its initial disclosures and by failing to "identify any evidence of actual damages in its summary-judgment papers." But nominal damages are not "comput[ed]" and need not be proven by evidence of harm. Instead, they are "awarded as a matter of law" and "by default until plaintiff

establishes entitlement to some other form of damages." *Uzuegbunam v. Preczewski*, 141 S. Ct. 792, 800 (2021).

Similarly, FHSAA's reliance on the pretrial statement as evidence of waiver is misplaced for several reasons. First, the pretrial statement refers to "monetary damages," Doc. 159 at 15, which is another term for compensatory damages, not nominal damages. As the Supreme Court explained in *Uzuegbunam*, nominal damages are awarded to vindicate "nonpecuniary"—that is, non-monetary—rights. 171 S. Ct. at 800. *See also id.* at 798, 800 (distinguishing nominal damages from compensatory damages). In the Pretrial Statement, CCS spelled out the liability theory that would entitle it to nominal damages *by default*. Doc. 159 at 3–4. Second, trials are for presentation of *evidence*, but nominal damages are awarded automatically and thus do not require presentation of evidence. Third, a pretrial statement governs *trial* and becomes binding only after the pretrial conference and entry of an order from the court, which never occurred here. Appeal Doc. 78 (citing authority). FHSAA conceded this point by failing to request attorney fees in the pretrial statement, Doc. 159 at 15, but later filing a request for such fees, Doc. 177.

**B.** Regarding equitable relief, FHSAA (at 5 n.3) again strays beyond the June 11 Order to allege that, in the last school year, it followed section 1006.185, Florida Statutes, "and schools used the access to the PA system … for prayer on

multiple occasions." FHSAA, however, does not say schools did so in *championship* contests. FHSAA always permitted (or ignored) loudspeaker prayer at regular season and playoff games. Moreover, despite many opportunities to do so, FHSAA *still* has not rescinded the policy announced in the 2015 Dearing emails, which was based on its (erroneous) views of what the *Constitution required* it to do, A-12607, A-12611. *Cf. City of Mesquite v. Aladdin's Castle, Inc.*, 455 U.S. 283, 289 (1982) (enactment of ordinance did not moot claim because evidence of Town switching positions in the past suggested it could later "reenact[] precisely the same provision").

Next, FHSAA asks the Court to ignore CCS's many sports teams that compete for the FHSAA State Championship Series and remain subject to the Prayer Ban this year. FHSAA falsely claims (at 9) CCS's only alleged injury is "denial of pre-game access to the PA system at a *football* game." The Amended Complaint asks the Court to declare unconstitutional and permanently enjoin "the Policy," Doc. 8 at 14, 16, 19–20, and defines the "Policy" as FHSAA's "determin[ation] that it must deny any future requests for use of the loudspeaker to deliver a prayer at future FHSAA championship games in football ***and other sports***," *id.* ¶ 58 (emphasis added).

II. STANDING

FHSAA concedes (at 3) that CCS's decision not to compete in the FHSAA football State Championship Series this year has no effect on standing because


standing is determined at the time of the filing of the lawsuit. Moreover, FHSAA does not dispute that CCS, at the time it filed the Amended Complaint, had standing to seek nominal damages for a completed constitutional injury at the 2015 championship game. FHSAA, however, again strays beyond the instructions in the June 11 Order and argues that CCS did not have standing to seek equitable relief at the time the complaint was filed—an argument notably absent from FHSAA's principal brief on appeal. FHSAA contends it is too "speculative" whether CCS will reach another championship, but this is wrong and CCS reincorporates its arguments on this issue from its supplemental briefing and at oral argument. *See* Appeal Doc. 71; Oral Arg. at 9:01–12:28. We write further only to respond to FHSAA's contention (at 4) that the capable-of-repetition doctrine does not apply to standing. FHSAA misses the point. When CCS filed this suit, its football team was one of the best in its class, and it made the State Championship Series every year for five years after the suit was filed. There is thus no question CCS's injury was non-speculative and immediate at the time the suit was filed. If a sports team—which naturally faces cyclical success—may litigate its injury only in the two-week period between qualifying for the championship and competing in it, then this is precisely the kind of case that qualifies for the capable-of-repetition exception.





Respectfully submitted,

s/ *Jesse Panuccio*

| | |
|---|---|
| Kelly J. Shackelford | Jesse Panuccio |
| Jeffrey C. Mateer | BOIES SCHILLER FLEXNER LLP |
| Hiram S. Sasser, III | 401 E. Las Olas Blvd., Ste. 1200 |
| David J. Hacker | Fort Lauderdale, FL 33301 |
| Jeremiah G. Dys | (954) 356-0011 |
| FIRST LIBERTY INSTITUTE | jpanuccio@bsfllp.com |
| 2001 W. Plano Pkwy., Ste. 1600 | |
| Plano, TX 75075 | |
| (972) 941-4444 | Adam M. Foslid |
| jdys@firstliberty.org | WINSTON & STRAWN LLP |
| | 200 S. Biscayne Boulevard, Ste. 2400 |
| Rebecca R. Dummermuth | Miami, FL 33131 |
| FIRST LIBERTY INSTITUTE | (305) 910-0646 |
| 1331 Pennsylvania Ave., N.W., Ste. 1410 | afoslid@winston.com |
| Washington, DC 20004 | |
| bdummermuth@firstliberty.org | *Counsel for Appellant Cambridge Christian School, Inc.* |
| | |
| Eliot Pedrosa | |
| JONES DAY | |
| 600 Brickell Ave., Ste. 3300 | |
| Miami, FL 33131 | |
| (305) 714-9717 | |
| epedrosa@jonesday.com | |